# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL JOWERSKI | § | |
| | § | |
| V. | § | CASE NO. 4:05CV404 |
| | § | (Judge Brown/Judge Bush) |
| DENTON COUNTY, TEXAS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss (Docket ## 4,8).  Having considered the motion and Plaintiff's response, the Court finds as follows.

### Facts

Plaintiff, Paul Jowerski,[1] was hired by the Denton County Sheriff's Department in 2000 and assigned to the North Central Texas Narcotics Task Force.  In 2001, he became the Lieutenant Commander of the unit.  Plaintiff claims there were many problems with the task force before, during, and after his tenure as Lieutenant Commander: weapons were missing from the seizure inventory, prisoners and witnesses were abused, property unrelated to narcotics crimes was seized, and narcotics defendants were encouraged to plead to lesser crimes so that valuable, non-drug related property could be seized more rapidly.[2]  Plaintiff also claims that government vehicles were used by task force members to perform off duty jobs, with county reimbursement for gasoline and operations.

---

[1] As a preliminary matter, the Court asks that the parties confer and agree upon the proper spelling of Plaintiff's name.  While the Court assumes and hopes that Plaintiff's counsel is using the proper spelling, "Jowerski," the Court notes that Defendant, Plaintiff's former employer and the former signatory to Plaintiff's paychecks, seems insistent that Plaintiff's name is properly spelled "Jaworski."

[2] According to Plaintiff, the operations of the Narcotics Task Force were supposed to be largely funded by lawful property seizures.

Plaintiff eventually requested to be relieved from his position and reassigned as a Sergeant. Plaintiff claims that while he was in charge of the task force, and thereafter while he was a Sergeant, he reported the numerous infractions listed above to someone higher in the chain of command. He further claims that each such report was either ignored or intentionally misplaced, destroyed, or hidden. Plaintiff further claims that when questioned about another officer's "Unfit for Duty Evaluation," he spoke freely about the evaluation, though no further elaboration is provided.

Ultimately, "the plaintiff was discharged for eating a piece of candy from a bowl during a narcotics operation" (Pl. Am. Comp. at pg. 4). Plaintiff filed a petition in state court on September 23, 2005 alleging claims for: (1) Retaliatory discharge for exercise of his right to free speech as guaranteed by the United States Constitution; (2) Retaliatory discharge for exercise of his right to free speech as guaranteed by the Texas Constitution; (3) Declaratory Judgment; and (4) Permanent Injunction. Defendant removed the case to this Court on October 14, 2005 pursuant to 28 U.S.C. § 1441(b). Plaintiff amended his complaint on November 2, 2005, but has added no new claims. Defendant has moved to dismiss all counts of Plaintiff's original and amended complaints.

## **Standard**

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson,*

*Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to defendants to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *Reeves*, 532 F.2d at 494.

## Analysis

Defendant first moves for dismissal of Plaintiff's First Amendment retaliatory discharge claim. In order to state a claim on a First Amendment retaliatory discharge claim, an employee must plead sufficient facts to establish: "(1) he suffered an adverse employment action; (2) his speech involved a matter of public concern; (3) his interest in commenting on matters of public concern outweighs his employer's interest in promoting efficiency; and (4) his speech motivated the employer's adverse employment action." *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005). There is no dispute that Plaintiff suffered an adverse employment action when he was terminated. The Court must therefore consider whether his reports involved matters of public concern.

Whether an employee's speech pertains to matters of public concern depends upon the content, form, and context of the statement at issue. *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). A public employee's statements in his employment capacity which address only personal matters, such as personnel and employment disputes, do not address public concerns. *Salge*, 411 F.3d at 186. Rather, to invoke First Amendment protection, an employee must speak in his capacity as a citizen regarding a matter of public interest. *Id.* Generally, matters of public concern are those relating to

matters of political, social, or other concern to the community. *Branton v. City of Dallas*, 272 F.3d 730, 739 (5th Cir. 2001). "While speech pertaining to internal personnel disputes and working conditions ordinarily will not involve public concern, speech complaining of misconduct within the police department ...[is] speech addressing a matter of public concern." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 1995) (quoting *Branton*, 272 F.3d at 739).

Often, speech involves both public and personal elements. In such "mixed speech" cases, the Fifth Circuit has held that "If releasing the speech to the public would inform the populace of more than the fact of an employee's employment grievance, the content of the speech may be public in nature." *Kennedy v. Tangipahoa Parish Library Bd. of Control*, 224 F.3d 359, 372 (5th Cir. 2000). The Fifth Circuit has further held in a "mixed speech" case that the fact a complaint is communicated privately or internally rather than publicly does not mean that it does not address a matter of public concern. *Thompson v. City of Starkville*, 901 F.2d 456, 466-467 (5th Cir. 1990) (loyal employee does not lose constitutional protections by communicating problems inhouse rather than publicly); *see also Wilson v. UT Health Center*, 973 F.3d 1263, 1270 (5th Cir 1992) (Plaintiff did not forfeit First Amendment rights by voicing sexual harassment complaints in internal rather than public forum).

Having considered the relevant case law, the Court finds that Plaintiff has plead sufficient facts to meet the second element of his First Amendment retaliation claim. While this appears to be a "mixed speech" case, Plaintiff alleges that he complained of corruption and wrongdoing within the police department. Such complaints, the Fifth Circuit has found, are matters of public concern. *Alexander*, 392 F.3d at 142. Furthermore, the Court finds that the public would be concerned with the very nature of the wrongdoing alleged, which involves the improper seizure of private property and the strategical reduction of charges for drug offenders to accomplish such seizure. The public

would also be concerned with the inappropriate use of government vehicles and funds.  Finally, the Court finds that the fact that Plaintiff's complaints were voiced internally rather than publicly, does not mean that such complaints are not subject to First Amendment protection.

Defendant does not contend that Plaintiff has failed to meet the third element of his First Amendment claim, and the Court finds that Plaintiff has satisfied this element.  The Court must therefore consider whether Plaintiff has plead sufficient facts to meet the fourth element of his claim.

In order to meet the fourth element of his First Amendment retaliatory discharge claim, Plaintiff must plead that his speech motivated the employer's adverse action.  Defendant claims that Plaintiff "admittedly was fired for stealing a piece of candy during a narcotics operation." (M. Dis. at pg. 3).  However the statement in Plaintiff's complaint is not as simple as Defendant represents it to be.  Rather, Plaintiff states that he "was discharged for eating a piece of candy from a bowl during a narcotics operation.  This action was retaliation and/or punishment for the exercise of the plaintiff's First Amendment rights in making the reports...." (Pl. Comp. at pg. 4).  The Court finds that Plaintiff's statement is sufficient to satisfy the fourth element.[3]  Therefore the Court finds the Defendant's motion to dismiss Plaintiff's First Amendment retaliatory discharge claim should be denied.[4]

Defendant next moves to dismiss Plaintiff's claim that he was denied his right to free speech

---

[3] Although a burden shifting analysis is not appropriate at this stage, the Court notes that Plaintiff need not show that his speech was the only reason for his termination, but only that it was a substantial consideration in his termination. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *Brady v. Fort Bend County*, 145 F.3d 710-11 (5th Cir. 1998).  Defendant may then only prevail by showing that it would have terminated Plaintiff regardless for reasons wholly unrelated to his free speech. *Id.*

[4] The Court also recommends denial of Defendant's request for dismissal on limitations grounds.  Although Plaintiff does not allege the date of termination in his complaint, he states in his response that the was terminated in October 2003.  As his complaint was filed in September 2003, he was within the 2-year statute of limitations.  Defendant has made no allegation that Plaintiff was terminated more than two years before he filed his complaint, but makes a weak attempt at a limitations defense by stating that Plaintiff simply did not allege a date of termination.

under Article 1, §§ 8 and 29 of the Texas Constitution.  There is no statutory provision in Texas comparable to 42 U.S.C. § 1983 enabling Plaintiffs to sue for violations of their state constitutional rights.  *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995).  Furthermore, there is neither an implied private cause of action nor a common law cause of action for violation of the Free Speech section of the Texas Constitution.  *Id.* at 147, 150; *see also Bagg v. Univ of Tex. Med. Branch*, 726 S.W.2d 582, 583 n.1 (Tex. App.–Houston [14th Dist.] 1987, writ ref'd n.r.e.) (no Texas statute provides citizens with the type of redress afforded by § 1983).  Although damages are not available to remedy violations of the Texas Constitution, Plaintiffs may seeks equitable remedies.  *Bouillion*, 896 S.W.2d at 149.  However, Plaintiff has not contended that he is seeking equitable remedies pertaining to his second claim.[5]  In fact, Plaintiff cites no case and puts forth no argument defending his second claim.  Therefore, Plaintiff's claim for violation of his right to free speech guaranteed by Article 1, §§ 8 and 29 of the Texas Constitution should be dismissed.

Defendant next moves to dismiss Plaintiff's claim for declaratory judgment.  Plaintiff's third claim states that "Plaintiff seeks a declaration by the Court that the plaintiff was discharged in retaliation for the exercise of his constitutionally guaranteed right of freedom of speech...." (Pl. Comp. at pg. 6).  Defendant argues that Plaintiff's claim for declaratory judgment must be dismissed under the Texas Declaratory Judgment Act because, under Texas Law, Plaintiff has no property interest in his job.  Defendant asserts that Plaintiff has no "right, status, or other legal relations" to be declared because Plaintiff is an at-will employee and can be hired and fired for no reason at all.  Further, Defendant alleges that the Court may not award damages under the Texas Declaratory

---

[5]The Court notes that Plaintiff moves for declaratory judgment, an equitable remedy, in his third claim, which claim the Court will address hereafter.

Judgment Act.

Defendant has cited *Texas A&M University System v. Luxemburg*, 93 S.W.3d 410, 425 (Tex. App.–Houston [14th Dist.] 2002, review denied) for the proposition that Plaintiff's declaratory judgment action cannot stand when "the 'declarations' requested by [Plaintiff] [a]re nothing more than the findings necessary to support his claims for violations of the Texas Constitution." However, the Court has recommended dismissal of Plaintiff's claim for violation of the Texas Constitution. His request for declaratory judgment with regard to his rights under the Texas Constitution is not, therefore, duplicative of any other claim. Furthermore, the Court is not persuaded by Defendant's argument that Plaintiff has no property interest in his job. That one is an employee at will neither precludes such person from having his rights declared nor gives employers a blanket license to disregard and violate the state and federal constitutions. The Court finds, however the Plaintiff may not be awarded damages for his state declaratory judgment claim. *See Id.*

To the extent Plaintiff seeks declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the Court finds that the relief sought can be linked to the relief sought in his first claim. While his claim for a declaratory judgment that his federal free speech rights were violated is duplicative and seemingly pointless, the Court has neither been cited nor found authority supporting dismissal on these grounds. The Court therefore finds that Defendant's motion to dismiss Plaintiff's declaratory judgment claim should be denied.

Defendant claims, in the title of the third section of its Motion to Dismiss, to be moving for dismissal of Plaintiff's Fourth Cause of Action, which requests that Defendant be permanently enjoined from releasing any adverse information from Plaintiff's personnel file. However, Defendant has made no argument and cited no authority in support of dismissing Plaintiff's request

for injunction. Absent proper argument, the Court will not dismiss Plaintiff's claim simply because Defendant requests it. The Court therefore recommends that Defendant's request for dismissal of Plaintiff's fourth claim be denied.

As a final point, the Court notes that Plaintiff seeks punitive damages. Defendant has not moved for dismissal of Plaintiff's punitive damages claim. As the Court has thus far done significant legal research and argument on Plaintiff's behalf,[6] it will now, out of fairness, assist Defendant. The Supreme Court has long held that punitive damages are not available against government entities for § 1983 claims. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *see also Glenview Construction, Inc. v. Bucci*, 165 F. Supp. 2d 545, 553-54 (S.D.N.Y. 2001) (town could not be liable for punitive damages in §1983 First Amendment retaliation claim). The Court therefore finds that Plaintiff's claim for punitive damages should be dismissed.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Defendant's Motion to Dismiss be GRANTED in part and DENIED in part. The Court recommends that Plaintiff's claims for violation of Article 1 §§ 8 and 29 of the Texas Constitution and for punitive damages be DISMISSED.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

---

[6] Plaintiff's two-page response in which he cites only one case, and that stating the 12(b)(6) dismissal standard, failed to address all of the legal and factual points raised in Defendant's motion. The Court was therefore left to research and argue many of Plaintiff's legal points for him.

8

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of January, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE